# COPY



UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anthony Byrd | ! |
| Petitioner | ! |
| | ! |
| vs. | ! Case No. 96-5-SLR |
| | ! |
| United States Of America, Ex. Rel., | ! |
| Jonathan C. Miner, Warden | ! FILED |
| Allenwood Federal Prison Camp | ! SCRANTON |
| Montgomery, Pennsylvania | ! MAY 2 9 2001 |
| Respondent | ! |

PER _____ DEPUTY CLERK

### PETITION FOR WRIT OF HABEAS CORPUS

### BY A PERSON IN FEDERAL CUSTODY

Petitioner, Anthony Byrd, appearing pro se, under the authority of 28 U.S.C. 2241c and FRCP 81 a(2), respectfully, states as follows:

1. Petitioner is restrained of liberty at Allenwood Federal Prison Camp, Montgomery, Pennsylvania.

2. Petitioner is unlawfully imprisoned, restrained of liberty, and in the custody of respondent, Jonathan C. Miner, Warden of Allenwood Federal Prison Camp, Montgomery, Pennsylvania, in violation of the laws and Constitution of the United States.

3. Respondent has customdy of petitioner by virtue of the judgment and sentence of the United States District Court for the District Of Delaware, United States v. Byrd, 96-5-SLR. Copies of the judgment and sentencing are attached hereto and made a part hereof and marked Exhibit "A" and "B" respectively. Petitioner was charged in a two count indictment with (1) possession with the intent to distribute cocaine and cocaine base and, (2) conspiracy to distribute cocaine and cocaine base. Petitioner was later charged in a restated five count superseding indictment with possession with intent to distribute cocaine and cocaine base (Count One), conspiracy to possess with intent to distribute cocaine and cocaine base (Count Two), possession of a firearm by a prohibited person (Counts Three and Four),

and possession of a firearm during the commission of a felony (Count Five).
Petitioner was charged in Counts One, Two, Three and FIve. Petitioner entered
a plea of guilty to Count One [possession with intent to distribute cocaine
and cocaine base], in violation of 21 U.S.C. SS 841(a)(1) and (b)(1)(a),
punishment was set at 135 months imprisonment, to be followed by a 60 month term
of supervised release. The remaining counts were dismissed on motion of the
government. Petitioner was sentenced on May 13, 1998, and judgment was entered
on May 15, 1998. A copy of the restated-superseding indictment is attached
hereto and made a part hereof and marked Exhibit "C".

4. Petitioner appealed to the United States Court of Appeals for the Third
Circuit, which affirmed the judgment and conviction on December 22, 1998,
United States v. Byrd, 98-7294 (3rd Cir. Dec. 22, 1998).

5. Petitioner has exhausted all available remedies under 28 U.S.C. 2255, and
is therefore entitled to seek Habeas corpus relief in this court.

6. Petitioner is unlawfully imprisoned, and restrained of liberty, and in the
unlawful custody of Jonathan C. Miner, Warden, Allenwood Federal Prison Camp,
Montgomery, Pennsylvania, in that prosecution, conviction and subsequent
imprisonment of the petitioner under Count One of the restated-superseding
indictment was jurisdictionally defective, and as such, the sentencing court,
therefore, lacked subject matter jurisdiction. The Petitioner has served in
excess of 60 months of the sentence imposed; said sentence, absent the unlawful
enhancement (drug quantity), should not have exceeded 60 months, and would not
have approached the 135 months of imprisonment imposed by the court.

BRIEF HISTORY

7. On January 15, 1996, Petitioner was arrested by the Delaware State Police,
and shortly thereafter, handed over to federal authorities.

8. On January 23, 1996, the Grand Jury for the United States District Court,
District of Delaware, returned a two-count indictment, charging Petitioner with
possession with intent to districbute cocaine and cocaine base (Count One), and
Conspiracy to distribute cocaine and cocaine base (Count Two). On February 27, 1996,
the Grand Jury returned a five count restated superseding indictment, charging
Petitioner with possession with intent to distribute cocaine and cocaine base
(Count One), conspiracy to distribute cocaine and cocaine base (Count Two),
possession of a firearm by a prohibited person (Counts Three and Four), and
possession of a firearm during the commission of a felony (Count Five). Petitioner
was charged in Counts One, Two, Four and Five.

9. On August 8, 1996, Petitioner pursuant to a Plea Agreement, pled guilty to
Count One of the Indictment. A copy of the guilty plea agreement is attached

hereto and made a part hereof and marked Exhibit "D". All remaining counts of the indictment were dismissed under the terms of the plea agreement. The trial court judge accepted petitioner's guilty plea and entered a judgment of guilty on the plea. A copy of the guilty plea hearing is attached hereto and made a part hereof and marked Exhibit "E".

10. On or about November 1997, petitioner, pro se, filed a motion to withdraw the guilty plea. The Memorandum & Order of the trial court, denying the motion is attached hereto and made a part hereof and marked Exhibit "F".

11. The trial court pursuant to the United States Sentencing Guidelines, in a substantail upward enhancement, sentenced petitioner to 135 months imprisonment. Petitioner offers that his conviction on Count One and the sentence imposed was jurisdictinally defective, because the enhanced sentence was arrived at by using a drug quantity not alleged in the indictment. Under the current illegal sentence, the sentencing range is from 108 to 135 months. Petitioner contends that, but for the enhanced penalty, his confinement could not and would not have exceeded 60 months. Under the facts of this case, the Petitioner is being illegally detained as evidenced by the above-referenced history.


## BRIEF IN SUPPORT OF PETITION FOR HABEAS CORPUS

A.   Plea Agreement Does Not FOreclose Petitioner's

Challenge To Jurisdiction Of Sentencing Court.

A plea of guilty constitutes an admission of all material facts well pleaded in the indictment. Semet v. United States, 422 F.2d 1269, 1272 (10th Cir. 1970). It does not waive a defendent's right to indictment by a grand jury. United States v. Meacham, 626 F.2d 503, 509-510 (5th Cir. 1980); a guilty plea is not, an of essential elements not stated in the indictment. See United States v. Edrington, 726 F.2d 1029, 1031 (5th CIr. 1984) (guilty plea does not waive jurisdictional defects, such as failure of indictment to allege all essential elements of offense); see also United States v. Prentiss, 206 F.3d 960, 976-77 (10th Cir. 2000) (stipulating at trial to the element missing from the indictment did not waive right to grand jury indictment because "the failure of the indictment to allege a federal crime cannot be cured by proof at trial by any means"); United States v. Spinner, 180 F.3d 514, 516 (3rd Cir. 1999); see also United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999) ([A] "failure of the indictment to charge an offense may be treated as [a] jurisdictional" defect, ... and an appellate court must notice such a flaw even if the issue was raised neither in the district court or on appeal." See also Fed. R. Crim. P. 12(b)(2)(objection that an

indictment "fails to show jurisdiction in the court or to charge an offense...
shall be noticed by the court at any time during the pendnecy of the proceeding")
(emphasis added.)[1]

In this matter the indictment was drawn in such a manner, which cannot
support an enhanced penalty under 21 U.S.C. 841(b)(1)(A). Here, the indictment
was silent, as to drug amounts, simply referring to a violation of 21 U.S.C.
841(a)(1) and 841(b)(1)(A). See Jones v. United States, 526 U.S. 227, 243 n.6,
119 S. Ct. 1215 (1999) (enhancement elements must be "charged" in an indictment");
see also United States v. Crockett, 812 F.2d 629 (10th Cir. 1987)(holding that
drug quantity constituted an element of drug trafficking offense under 21 U.S.C.
841). Under Crockett, a defendant who pleads guilty to trafficking to an
unspecified quantity of illegal drugs must, absent a personal admission, be
sentenced as a misdemeanant. See also United States v. Hordby, 225 F.3d 1053
(9th Cir. 2000), holding that Apprendi v. New Jersey, 120 S. Ct. 2348 (2000)
renders a finding of drug quantity under 21 U.S.C. 841(b)(1) error under the Due
Process Clause of the Fifth Amendment and the notice and jury trial guarantees of
the Sixth Amendment, when that finding is made by that court at sentencing under
a proponderance-of-the-evidence standard.

Here, with regard to petitioner's jurisdictional claim, the failure of the
government to properly plead its indictment prevented the court from obtaining
jurisdiction over either the defendant or the subject matter of his prosecution,
as such, no subsequent action or proceeding of the district court could confer
that jurisdiction. As a result, the petitioner's enhanced sentence in a case
not of jurisdiction is unlawful.

---

1. Rule 12(b)(2)'s non-waiver language should be read to include challenges that
an indictment fails to charge the offense of conviction, rather than narrowly read
as including only challenges that an indictment fails to state any federal offense.
Here, arguably, the indictment charged a federal offense of some type, albeit a
misdemeanor. However, it does not charge the offense of conviction, and as such,
the non-waiver language of 12(b)(2) applies.

  (1) Petitioner's Challenge To Legality Of Sentence
     Imposed Does Not Breach Plea Agreement

  A defendant's challenge to his guilty plea conviction on the ground that his acts were, in light of new precedent, not a crime does not amount to a breach of his plea agreement, unless the agreement explicitly bargained away the right to bring such a challenge. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Here, no such waiver was agreed to between the parties. The plea agreement left the petitioner free to file a section 2255 motion at any time he perceived there to be a problem with his plea, his conviction, or his sentence. See Pruitt, 32 F.3d at 435. As a result, the prosecution bore the risk that a change in the relevant substantive low would afford the defendant the right to be released. See United States v. Barnhardt, 93 F.3d 706,708 (10th Cir. 1996) ("[A] plea of guilty does not bar a claim that the defendant's conviction is unconstitutional no matter how validly his factual guilt is established if the facts he pleaded guilty to are subsequently determined not to be criminal." (Quoting Menna v. New Yorkm 423 U.S. 61, 63 n.2 (1975)). Moreover, at the time of the plea, there was no reason to believe that a change in the law regarding drug quantities, as being an essential element of a violation under 21 U.S.C. 841 might occur in the near future.

  Here, petitioner challenges only that portion of the plea agreement made unconstitutional by Apprendi, asserting that while the plea bargain was knowing, voluntary, and in all other aspects proper when made and accepted by the court, the conduct to which petitioner pled guilty – the only conduct for which Petitioner was convicted and sentenced – it is now insufficient as a matter of law to support his sentence. Accordingly, petitioner contends that absent an allegation of drug quantity in the indictment, or a personal admission by petitioner, as a matter of law the sentencing court must use for sentencing purposes, the lowest quantity considered by the sentencing guidelines or statute of the substance at issue.

B. SENTENCING AND TERM OF IMPRISONMENT

  (1) Petitioner's Sentence Was Improper Under The Sentencing Guidelins
  Petitioner was sentenced to a period of incarceration of 135 months based on the following guideline sentence calculation:

| | |
|---|---|
| Base Offense Level | 32 |
| 2D1.1(b)(1) weapon enhancement | + 2 |
| 3E1.1(b) acceptance/responsiblity | – 2 |
| Adjusted offense level | 32 |

Criminal History Category II

Guidelines Sentencing Range 135 to 168 months

Petitioner would urge that the sentence as calculated is not proper.  More specifically, petitioner contends that the increase in his offense level to 32, based upon a drug quantity not found by the grand jury and alleged in the indictment was improper.  To be sure, the quantity of drugs is a critical element of the offense charged under  841 (a)(1), and without an allegation as to quantity in the indictment, the trial court could not impose more than a five-year sentence.  Petitioner has now served in excess of the legally authorized sentence and, is now serving an illegal sentence.

Accordingly, petitioner's sentence exceeds the maximum authorized by law and here, petitioner has served the maximum authorized sentence.  Therefore, the judgment must be treated as void to the extent that it exceeds the maximum sentence authorized by law, and petitioner discharged from his unlawful imprisonment.

WHerefore, Petitioner requests this court to issue a Writ Of Habeas Corpus Ad Subjiciendum commanding respondent to produce the body of Petitioner before this court, at a time and place to be specified by this court, so that this court may further inquire into the lawfulness of Respondent's custody of petitioner, to discharge petitioner from Respondent's custody; and to grant Petitioner such other and further relief to which Petitioner may be entitled in this proceeding.

DATED THIS 21 DAY OF MAY, 2001.

Respectfully Submitted,

Anthony Byrd

EXHIBIT A

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of Delaware

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **Anthony Byrd** | Case Number: 1:96CR00005-001 |
| | John Sullivan, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

[X] pleaded guilty to count(s)   1 of the Superseding Indictment

[ ] pleaded nolo contendere to count(s) _____
    which was accepted by the court.

[ ] was found guilty on count(s) _____
    after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 (a)(1) | Possession with intent to distribute cocaine & cocaine base (crack) | 01/15/1996 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[X] Count(s) **II,III&V of Superseding Indict** · & _____ are dismissed on the motion of the United States.
    Indictment

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 05/13/1998 |
| Defendant's Date of Birth: 07/16/1976 | Date of Imposition of Judgment |
| Defendant's USM No.: 03760-015 | |
| Defendant's Residence Address: | |
| 140-34 182nd Street | |
| Springfield Gardens | _Sue L. Robinson_ (signature) |
| Queens          NY      11413 | Signature of Judicial Officer |
| | |
| | The Honorable Sue L. Robinson |
| Defendant's Mailing Address: | Name & Title of Judicial Officer |
| 140-34 182nd Street | |
| Springfield Gardens | |
| Queens          NY      11413 | 5/15/98 |
| | Date |

AO-245B (Rev. 3/95) Sheet 2 - Imprisonment

Judgment-Page __2__ of __6__

DEFENDANT:    Anthony Byrd
CASE NUMBER:    1:96CR00005-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____135____ month(s) ____.

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant serve his term of imprisonment at Fairton, New Jersey.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m.  on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

Judgment-Page __3__ of __6__

DEFENDANT:      Anthony Byrd
CASE NUMBER:    1:96CR00005-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____60_____ month(s) .

See Additional Supervised Release Terms - Sheet 3.01

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/95) Sheet 3 - Supervised Release

DEFENDANT:        Anthony Byrd
CASE NUMBER:      1:96CR00005-001

# ADDITIONAL SUPERVISED RELEASE TERMS

1.  The defendant shall provide the probation officer with access to any requested financial information.

2.  The defendant shall participate in a drug aftercare treatment program plan which may include urine testing at the direction and discretion of the probation officer.

3.  At the direction and discretion of the probation office, if unemployed, the defendant shall participate in a vocational or educational training program.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT:   Anthony Byrd
CASE NUMBER:   1:96CR00005-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $          50.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .  $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| | Totals: | $ _____ | $ _____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __5__ of __6__

DEFENDANT:      Anthony Byrd
CASE NUMBER:    1:96CR00005-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Criminal monetary penalty payments, with the exception of restitution, should be made payable to Clerk, U.S. District Court. Any restitution ordered is to be made payable to the victim, and collected by the U.S. Probation Office.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made

AO 245B (Rev. 3/95) Sheet 6 - Statement of Reasons

Judgment-Page <u>6</u> of <u>6</u>

DEFENDANT:      Anthony Byrd
CASE NUMBER:    1:96CR00005-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:   ____30____

Criminal History Category:   ____IV____

Imprisonment Range:   __135__ to __168__ months

Supervised Release Range:   _____ to ____5____ years

Fine Range: $ ____15,000.00____ to $ ____4,000,000.00____

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):
**Based on the enormity of the guideline range for imprisonment in this case, the minimum of that range will adequately serve to punish the defendant.**

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

EXHIBIT B

(omitted)

EXHIBIT C

*AUSA*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|      Plaintiff,    ) | |
|      ) | Crim. Action No. 96-05-SLR |
|      v.      ) | |
|      ) | |
| ANTHONY BYRD and      ) | |
| ANDRE STEWART,      ) | |
|      Defendants.    ) | |

## SUPERSEDING INDICTMENT

The Federal Grand Jury for the District of Delaware charges that:

### Count I

On or about January 15, 1996, in the District of Delaware, Anthony Byrd and Andre Stewart, defendants herein, did knowingly possess with the intent to distribute substances containing a detectable amount of cocaine and cocaine base, a/k/a "crack," schedule II narcotic controlled substances, in violation of 21 U.S.C §841(a)(1) and (b)(1)(A).

### Count II

On or about January 15, 1996, in the District of Delaware, Anthony Byrd and Andre Stewart, defendants herein, together with another person, now deceased, who is known to the grand jury, did knowingly conspire to distribute cocaine and cocaine base, a/k/a "crack," schedule II narcotic controlled substances, in violation of 21 U.S.C §841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C §846.

03-11-1996 11:18    302 573 6220    USA DE    P.03/04

## Count III

On or about January 15, 1996, in the District of Delaware, Anthony Byrd, defendant herein, did knowingly possess in and affecting interstate commerce, firearms, that is, a Cobray 9mm MAC-11 semi-automatic handgun, serial no. 890063750, and two Ruger 9mm Model P-94DC handguns, serial nos. 30803765 and 30806978, after having been convicted on or about September 19, 1995, in Vance County, North Carolina, of Possession of Stolen Goods, a crime punishable by imprisonment for a term exceeding one year, in a case captioned State v. Byrd, 95CRS-4599, all in violation of Title 18, United States Code, Sections 922(g)(1) & 2.

## Count IV

On or about January 15, 1996, in the District of Delaware, Andre Stewart, defendant herein, did knowingly possess in and affecting interstate commerce, firearms, that is, a Cobray 9mm MAC-11 semi-automatic handgun, serial no. 890063750, and two Ruger 9mm Model P-94DC handguns, serial nos. 30803765 and 30806978, after having been convicted on or about July 23, 1992, in the Supreme Court of Queens County, New York, of Criminal Sale of Controlled Substance 5th, a crime punishable by imprisonment for a term exceeding one year, in a case captioned State v. Stewart, No. N10293-92, all in violation of Title 18, United States Code, Sections 922(g)(1) & 2.

## Count V

On or about January 15, 1996, in the State and District of Delaware, Anthony Byrd and Andre Stewart, defendants herein, during and in relation to a drug trafficking crime, to wit, conspiracy to

2

distribute cocaine and crack cocaine, in violation of Title 21,

United States Code, Section 846, as alleged in Count Two of the

Indictment, incorporated by reference herein, did knowingly carry

firearms, to wit, a Cobray 9mm MAC-11 semi-automatic handgun, serial

no. 890063750, and two Ruger 9mm Model P-94DC handguns, serial nos.

30803765 and 30806978, in violation of Title 18, United States Code,

Sections 924(c)(1) & 2.

A TRUE BILL:

_Carol S Cogell_
Foreman

GREGORY M. SLEET
United States Attorney

BY: _Richard G Andrews_
Richard G. Andrews
Assistant United States Attorney

Dated: 2/27/96

3

EXHIBIT D

*filed in open cou[r]t 8/8/96*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

*RECEIVED*

*1   1996*

*FEDERAL PUBLIC DEFENDER*
*DISTRICT OF DELAWARE*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 96-05-SLR |
| | ) | |
| ANTHONY BYRD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Gregory M. Sleet, United States Attorney for the District of Delaware, and Penny Marshall, Esquire, and Christopher O'Malley, Esquire, attorneys for Defendant Anthony Byrd, the following agreement is hereby entered into by the respective parties:

1.    The Defendant agrees to plead guilty to Count I ~~and III~~ of the *Superseding* Indictment.  Count I charges a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), which carries a maximum penalty of life imprisonment, with ten years being minimum-mandatory, a fine of $4,000,000, or both, a term of supervised release of at least five years, and a special assessment of $50.00.

~~Count III charges a violation of Title 18, United States Code,~~
~~Section 922(g), which carries a maximum penalty of a fine of~~
~~$250,000, or imprisonment for not more than ten years, or both, a~~
~~term of supervised release of up to three years, and a special~~
~~assessment of $50.~~

2.    The Government agrees to move to dismiss Counts II. and V _III,_
as they pertain to the defendant at the time of sentencing. The
defendant agrees to pay the $~~100~~ _50_ Special Assessments on the day of
sentencing.    Should he fail to do so, the defendant agrees to
voluntarily enter the United States Bureau of Prisons' administered
program known as the Inmate Financial Responsibility Program
through which the Bureau of Prisons will collect a portion of
defendant's prison salary and apply it on the defendant's behalf to
the payment of the outstanding debt ordered.

3.    In view of the defendant's ~~timely~~ acceptance of
responsibility, the Government will not object to a ~~three~~ _two_ level
reduction in the Sentencing Guidelines offense level.    The
defendant understands that all sentencing guideline calculations
are up to the sentencing judge, and the sentencing judge is not
bound by any recommendation or position of the parties.

4.    It is further agreed by the parties that this Memorandum
supersedes all prior promises, representations, and statements of
the parties; that this Memorandum may be modified only in writing
signed by all the parties; and, that any and all promises,

representations and statements made prior to or after this
Memorandum are null and void and have no effect whatsoever.

                                        GREGORY M. SLEET
                                        United States Attorney


_____         BY: _____
Penny Marshall, Esquire               Richard G. Andrews
Attorney for Defendant                Assistant United States Attorney


_____
Christopher O'Malley, Esquire
Attorney for Defendant


_____
Anthony Byrd
Defendant

Date: 8/8/96


        AND NOW this ___8th___ day of ___August_____, 1996,
the foregoing Memorandum of Plea Agreement is hereby (accepted)
(rejected) by this Court.

                         _____
                         HONORABLE SUE L. ROBINSON
                         United States District Court Judge

EXHIBIT E

1

1          IN THE UNITED STATES DISTRICT COURT

2          IN AND FOR THE DISTRICT OF DELAWARE

3                      - - -

4    UNITED STATES OF AMERICA,      :     CRIMINAL ACTION
                                    :
5              Plaintiff            :
                                    :
6              v.                   :
                                    :
7    ANTHONY BYRD,                  :
                                    :
8              Defendant            :     NO.  96-5 (SLR)

9                      - - -

10                              Wilmington, Delaware
                                Thursday, August 8, 1996
11                              10:23 o'clock, a.m.

12                      - - -

13   BEFORE:   HONORABLE SUE L. ROBINSON, U.S.D.C.J.

14                      - - -

15   APPEARANCES:

16              RICHARD G. ANDREWS, ESQ.,
                Assistant United States Attorney
17
                     Counsel for Plaintiff
18
                PENNY MARSHALL, ESQ. and
19              CHRISTOPHER O'MALLEY, ESQ.
                Assistant Federal Public Defenders
20
                     Counsel for Defendant
21

22

23

24                   Valerie J. Gunning
                     Official Court Reporter
25

1          And, Mr. Byrd, before I would accept a plea of

2   guilty, if you enter a plea today, I need to make sure that

3   you are doing so knowing the consequences of it and that you

4   are doing so voluntarily.

5          THE DEFENDANT:  Yes.

6          THE COURT:  So I need to ask you a series of

7   questions.  And to that end, I'll have Miss Friedkin

8   administer an oath.

9          And you need to answer these questions under

10  oath.  And I tell you now that if you answer any of the

11  questions falsely, your answers may later be used against you

12  in another prosecution for perjury or for making a false

13  statement.

14          Do you understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  Thank you.

17          Miss Friedkin?

18          ... ANTHONY BYRD, having been duly

19          sworn, was examined and testified as

20          follows ...

21          THE COURT:  All right.  Would you please just

22  state your full name for the record?

23          THE DEFENDANT:  Anthony T. Byrd.

24          THE COURT:  And how old are you today?

25          THE DEFENDANT:  I'm 20.

5

1  today?

2                THE DEFENDANT:  No.

3                THE COURT:  Have you had the opportunity to

4  review the indictment that contains the charges against you

5  with your attorneys?

6                THE DEFENDANT:  Yes.

7                THE COURT:  And are you fully satisfied with the

8  counsel, representation and advice given to you in this case

9  by your attorneys, Ms. Marshall and Mr. O'Malley?

10               THE DEFENDANT:  Yes.

11               THE COURT:  All right.  Now, it's my

12  understanding, and I'll go over this briefly -- I want to go

13  over the plea agreement to make sure that it's on the record

14  and we all are agreeing to the same thing.

15               You have agreed to plead guilty to Count I of the

16  superseding indictment, which charges a violation of Title 21

17  of the United States Code, Section 841(a)(1) and (b)(1)(A).

18               It carries a maximum penalty of life

19  imprisonment, with ten years being minimum mandatory, a fine

20  of $4 million or both, a term of supervised release of at

21  least five years, and a special assessment of $50.

22               The Government agrees in turn to move to dismiss

23  Counts 2, 3 and 5 as they pertain to you at the time of

24  sentencing.

25               You've agreed to pay the $50 special assessment

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  All right.  You'll just have to speak

4   up so our Court Reporter can hear you as well.

5          Do you understand that the offense to which you

6   might be pleading guilty today is a felony offense, and that

7   if your plea is accepted, you will be adjudged guilty of that

8   offense?

9          THE DEFENDANT:  Yes.

10          THE COURT:  And that having been adjudged guilty,

11   it might deprive you of some valuable civil rights, such as

12   the right to vote, the right to hold public office, the right

13   to serve on a jury, and the right to possess any kind of a

14   firearm.

15          Do you understand those consequences?

16          THE DEFENDANT:  Yes.

17          THE COURT:  I've indicated what the maximum

18   possible penalty that could be imposed is.

19          Have you had the opportunity to discuss the

20   sentencing guidelines with your attorneys?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And as noted in the plea agreement,

23   you understand that at this point I don't know what

24   sentencing guidelines might apply, I have to wait until a

25   presentence investigation is done.  And you will have the

1  mandatory term involved in this case?

2            MR. ANDREWS:  Your Honor, 10 years.

3            THE COURT:  Ten years.

4            Do you understand that the Court does not have

5  the authority to impose a sentence less than a minimum

6  mandatory term of imprisonment unless the Government moves on

7  the basis of your cooperation to have that done?

8            Do you understand that?

9            THE DEFENDANT:  Yes.

10            THE COURT:  All right.  Do you understand that

11  you have the right to plead not guilty in this case?

12            THE DEFENDANT:  Yes.

13            THE COURT:  In that event, you would have the

14  right to a trial by jury, to be represented by lawyers, to

15  question all of the Government's witnesses, to review their

16  evidence, and to call witnesses on your own and to take the

17  stand if you chose to do so?

18            Do you understand those rights?

19            THE DEFENDANT:  Yes.

20            THE COURT:  You understand that if you enter a

21  plea of guilty, you're waiving that right to a trial by

22  jury?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Do you understand that if we went to

25  trial, the Government would have to prove to a jury the

11

THE COURT:  All right.  Mr. Andrews, would you please describe what facts the Government would be prepared to prove were this case to go to trial.

MR. ANDREWS:  Your Honor, on January 15th, 1996, the Delaware State Police stopped a Pontiac Bonneville, which Mr. Byrd was driving.  When they asked him for his license, identification, he gave them the license of Stanley Byrd, his uncle.

When the police pointed out that the picture on Stanley Byrd was not him, he gave them a second name, which was something like Courtney, or Derrick Courtney.  I don't remember exactly, but it was not Anthony Byrd.

After Mr. Byrd consented, this Mr. Byrd consented to a search of the car, one of the troopers found a substantial quantity of what appeared to be drugs underneath the front seat of the car, the seat that he would have been sitting in when he drove.

At the time the drugs were found, all three people had been in the car, including Mr. Byrd, who was at this time in the back seat of the State Police vehicle and had to climb into the front seat.

All three ran.  Mr. Byrd was found shortly thereafter.  By the time he was found, he had taken the coat that he was wearing -- it was a reversible jacket -- and changed it so that it wasn't the same color as when

12

1  he ran.

2        The drugs were eventually sent to a chemist

3  employed by DEA for analysis and contained 69 grams of

4  cocaine base, 924 grams of powder cocaine.

5        The drugs were in one or more zip-lock bags, and

6  one of the zip-lock bags was sent to the DEA fingerprint

7  examiner, who found Mr. Byrd's, the defendant's, right

8  thumbprint on the bag, or on the zip-lock bag.

9        During the search at Troop 2 of the car on

10  January 15th, there was found to be $14,000 cash in the trunk

11  in a container.

12        And according to the DEA, the value of the drugs

13  involved here on a wholesale level would be about somewhere

14  in the range of 16,500 to 25,000 for the powder cocaine and

15  about 2,000 to 2,500 for the cocaine base, which would also

16  be called crack on the street.

17        THE COURT:  All right.  Thank you.

18        Mr. Byrd, I need to ask you whether there's

19  anything that the Government stated -- whether you strongly

20  disagree with anything of the Government's representations as

21  to the facts.

22        THE DEFENDANT:  No.

23        THE COURT:  All right.  And how do you plead to

24  the charge?  Guilty or not guilty?

25        THE DEFENDANT:  Guilty.

14

1    I take it there's no change in bail status.

2    Is there anything else we need to address at this

3    time, Mr. Andrews?

4    MR. ANDREWS:  No, your Honor, I don't believe

5    so.

6    THE COURT:  Mr. O'Malley?

7    MR. O'MALLEY:  Nothing further.

8    THE COURT:  All right.  Thank you very much,

9    counsel.

10    MR. O'MALLEY:  Thank you, your Honor.

11    (Court recessed at 10:40 a.m.)

12                    - - -

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT F

DEC-19-97 FRI 12:07 PM                    FAX NO.  0000000000000000000        P: 16

COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


UNITED STATES OF AMERICA,              )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )  Criminal Action No. 96-05-SLR
                                       )
ANTHONY BYRD,                          )
                                       )
            Defendant.                 )


### O R D E R

At Wilmington this   19th   day of December, 1997, having

reviewed the various permutations of defendant's request to

withdraw his guilty plea, as well as the government's responses

thereto;

IT IS ORDERED that defendant's motions to withdraw his

guilty plea (D.I. 81, 95) are denied, for the reasons that

follow:

1.   Federal Rule of Criminal Procedure 32(e) reads in

relevant part as follows:

> If a motion to withdraw a plea of guilty . .
> . is made before sentence is imposed, the
> court may permit the plea to be withdrawn if
> the defendant shows any fair and just reason.

The United States Court of Appeals for the Third Circuit has

evaluated such motions in terms of three factors:

> "(1) whether the defendant asserts his
> innocence; (2) whether the government would
> be prejudiced by withdrawal; and (3) the
> strength of the defendant's reasons for
> moving to withdraw." [United States v.]
> Trott, 779 F.2d [912,] 915 [(3d Cir. 1985). .

United States v. Martinez, 785 F.2d 111, 114 (3d Cir. 1986).

With respect to the first factor, the Third Circuit has explained

that, while the court does

> not take lightly the right which every
> defendant possesses to have the protective
> cloak of innocence removed by trial [, n]one-
> theless, the situation is different when the
> cloak has been shed voluntarily and knowingly
> before the court.  The defendant must then
> not only reassert innocence, but give
> sufficient reasons to explain why
> contradictory positions were taken before the
> district court and why permission should be
> given to withdraw the guilty plea and reclaim
> the right to trial. . . .

United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992).  Accord

United States v. Harris, 44 F.3d 1206, 1210 (3d Cir.) cert.

denied, 115 S.Ct. 1806 (1995).

    2.  Defendant has asserted at various times that: 1) he

is altogether innocent of the charge of "possession with intent

2

to distribute drugs (cocaine powder and cocaine base [alleged to be crack]) that were found in a car which did not belong[] to him." (D.I. 59 at 4); 2) he relied to his detriment on the positive results of a fingerprint analysis performed by the government, which analysis was based on a fingerprint card identifying defendant with the wrong FBI number (D.I. 84, 85); and 3) his intent at the time of the plea "was to admit to possession of cocaine with intent to distribute and not cocaine base (crack)." (D.I. 95)

3.   The court denied defendant's first motion to withdraw, based on the conclusory nature of his claim of innocence. (D.I. 63)

4.   In response to defendant's claim of error in the fingerprint analysis, the government has since offered the positive results of a second analysis using an accurate FBI number (i.e., the original print was in fact that of defendant, only the FBI number was inaccurately posted on the card). (D.I. 83) Even more significant is the government's contention (undisputed of record) that defendant's attorneys at the time of the plea (the Federal Defender)

> hired their own fingerprint expert to review the Government's fingerprint evidence. Their expert consulted with the Government's

3

> fingerprint examiner, George Jascewsky,
> before the guilty plea, and came to the same
> conclusion as the Government's examiner,
> namely, that it was Anthony Byrd's right
> thumb print that was on the bag of drugs.

(D.I. 82 at 2)

5. Defendant's latest assertion of "innocence" is that, in entering a plea of guilty to count 1 of the indictment, charging possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1), he meant to enter a guilty plea only with respect to possession with intent to distribute cocaine powder, not with respect to cocaine base.

6. The Third Circuit has held that 21 U.S.C. § 841(a)[1] does not require that any particular controlled substance be specified in the indictment, "since . . . the identity of the substance is a sentencing factor [under § 841(b)] rather than an element of the offense." United States v. Lewis, 113 F.2d 487, 493 (3d Cir. 1997).

7. Under the circumstances at bar, where defendant has admitted (at the plea colloquy, reiterated in his latest papers)

---

[1] Section 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally . . . to . . . possess with intent to . . . distribute . . . a controlled substance. . . ."

that he was aware of the drugs in the vehicle and of the drugs'
intended distribution, the court concludes that defendant's
assertions of innocence are neither factually nor legally
credible.

THEREFORE, IT IS FURTHER ORDERED that defendant shall
be sentenced on count 1 of the indictment on **Thursday, January
15, 1998**, at **4:00 p.m.** in Courtroom No. 6B, Sixth Floor Federal
Building, 844 King Street, Wilmington, Delaware.

_____
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


ANTHONY BYRD,
        Petitioner,


        -vs.                          Case No.  96-5- SLR



UNITED STATES OF AMERICA EX. REL.,
JONATHAN C. MINER, WARDEN,
ALLENWOOD FEDERAL PRISON CAMP,
MONTGOMERY, PENNSYLVANIA
----------------Respondent.-----------x


<u>PROOF OF SERVICE BY MAILING</u>


    ANTHONY BYRD avers under penalty of perjury pursuant
to 28 U.S.C. § 1746 that a copy of the within PETITION FOR
WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY was
served upon the United States Attorney for the Middle
District of Pennsylvania by first class mail-postage
prepaid this____21____day of May, 2001.



                        _ANTHONY BYRD_____
                         Anthony Byrd


Addressee:

U.S. Attorney
M.D. of Pennsylvania
P.O. Box 548
240 West Third Street
Williamsport, PA 17703-0548