MCC:MEH:mel:2001V00562

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BYRD, | : | |
| Petitioner | : | No. 1:CV-01-0956 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| JONATHAN C. MINER, Warden, et al., | : | |
| | : | |
| Respondents | : | |

FILED
WILLIAMSPORT, PA

JUL 1 8 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

RESPONDENTS' RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas corpus matter brought under 28 U.S.C. § 2241, by a federal prisoner, Anthony Byrd, who presently is confined at the Allenwood Federal Correctional Institution at White Deer, Pennsylvania ("FCI Allenwood"). Byrd is challenging a 1996 federal conviction and sentence that occurred in the District of Delaware. As explained below, Byrd cannot challenge his federal conviction through a § 2241 petition and his habeas petition should be denied.

### Statement of the Case[1]

On August 8, 1996, Byrd pled guilty in the United States District Court for the District of Delaware to possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). (Petn. ¶¶ 8-9 and Exh. A.) Byrd was sentenced on May 13, 1998, to 135 months imprisonment to be

---

[1] These facts are derived solely from Byrd's habeas petition.

followed by sixty months of supervised release. (Id. ¶ 11 and Exh. A.) Byrd filed a direct appeal with the Third Circuit Court of Appeals, which affirmed the conviction and sentence on December 22, 1998. There is no evidence that Byrd ever filed a motion under 28 U.S.C. § 2255 to challenge his conviction and sentence.

In June 2000, in Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court issued a decision that addressed the burden of proof and the identity of the fact finder with respect to certain sentencing issues. On May 29, 2001, Byrd filed this habeas petition under 28 U.S.C. § 2241 to challenge his 1996 conviction and sentence based on the Apprendi decision. On June 6, 2001, the Court issued a Miller[2] order directing Byrd to advise it whether he wanted his petition ruled on as filed, construed as a § 2255 motion with him then being unable to file a successive § 2255 motion unless granted permission by the court of appeals, or withdrawn so that he could file one, all-inclusive § 2255 motion. On June 18, 2001, Byrd indicated that he wanted to pursue his § 2241 habeas petition as filed. The Court then ordered the habeas petition served on June 28, 2001.

### Question Presented

Should Byrd's petition be denied in that Byrd cannot challenge his federal criminal conviction by a § 2241 habeas petition?

---

[2] United States v. Miller, 197 F.3d 644 (3rd Cir. 1999).

2

## Argument

**BYRD'S PETITION SHOULD BE DENIED IN THAT BYRD CANNOT CHALLENGE HIS FEDERAL CRIMINAL CONVICTION BY A § 2241 HABEAS PETITION.**

A.  **Section 2255 is the Exclusive Means to Challenge a Federal Criminal Conviction.**

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are *required* to bring their collateral attacks challenging the *validity* of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, **not** under 28 U.S.C. § 2241. In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Section 2255 provides a remedy which is equivalent to that historically available under the habeas writ. "[I]t conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427 (1962).[3]

---

[3] The reason for this rule is due to the venue provisions governing § 2241 petitions. Previously, prisoners had challenged their federal convictions by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. This proved unmanageable, however, in that § 2241 habeas petitions are filed in the district where the prisoners are confined. As a result, the few districts that had major federal penal institutions were required to handle an inordinate number of habeas actions far from the

3

Section 2255 motions now are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); United States ex rel. Lequillou v. Davis, 212 F.2d 681, 683 (3rd Cir. 1954). Thus, if a prisoner attempts to challenge his federal conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3rd Cir. 1971).

The only exception, i.e. when a federal prisoner nevertheless can seek habeas relief under § 2241, is when § 2255 proves "inadequate or ineffective" to test the legality of detention. 28 U.S.C. § 2255; Davis, 417 U.S. at 343, Dorsainvil, 119 F.3d at 251; Vial, 115 F.3d at 1194. As discussed below, this exception rarely exists and does not apply if a defendant failed to obtain § 2255 relief or cannot satisfy the limitations imposed on § 2255 motions by amendments enacted through AEDPA.[4]

---

homes of the witnesses and the records of the sentencing court. Accordingly, in 1948, Congress enacted § 2255 to require collateral review of convictions and sentences of federal prisoners in the district of the criminal trial court. Dorsainvil, 119 F.3d at 249.

[4] Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. § 2255).

4

B.  **Limitations on Bringing § 2255 Motions and Successive § 2255 Motions.**

In 1996, Congress amended § 2255 through AEDPA. One significant change is that prisoners must file their § 2255 motions within one year of their conviction or within three other narrowly tailored situations, whichever is latest. Another change is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under § 2255. A second or successive § 2255 motion now can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. § 2255; Vial, 115 F.3d at 1194-95.

AEDPA is, in part, Congress' codification of long-held legal principles involving ease of administration and the interest in promoting the finality of judgments. While it is beyond doubt that a conviction must be obtained in a manner that comports with the Constitution, our system of justice affords a defendant the opportunity to challenge his/her conviction through a direct appeal and in a collateral § 2255 motion. See Daniels v. United States, ___ U.S. ___, 121 S.Ct. 1578, 1582 (2001).

Critically, "[t]hese vehicles for review ... are not available indefinitely and without limitations. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of administrative remedies, operate to limit access to review on the merits of a

5

constitutional claim. <u>Daniels</u>, ___ U.S. at ___, 121 S.Ct. at 1582-83 (holding that if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the "defendant is without recourse"). Thus, one of the principles vindicated by these limitations "is a 'presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, *even when the question is waiver of constitutional rights.*'" <u>Id</u>. (emphasis added)(quoting <u>Parke v. Raley</u>, 506 U.S. 20, 29 (1992).

Summarizing these two legal principles, therefore, § 2255 is the exclusive means by which a defendant can challenge his federal conviction. Moreover, the availability of this form of collateral review of a conviction is limited both temporally (a one-year statute of limitations) and in number (only one § 2255 motion unless one of two *narrow* circumstances occur). As explained next, the failure to satisfy the stringent gatekeeping requirements on § 2255 motions imposed by AEDPA does <u>not</u> constitute one of the exceptions where a § 2255 motion is "inadequate or ineffective" so as to permit a defendant to challenge his/her federal conviction via a § 2241 habeas petition.

6

### C. The Inability to Satisfy the Gatekeeping Provisions Imposed by AEDPA Does Not permit a Defendant to Challenge His/Her Federal Conviction by a §2241 Habeas Petition.

In Dorsainvil, the Third Circuit Court of Appeals addressed the "inadequate and ineffective" exception of § 2255, known as the "safety-valve" clause or "savings" clause of § 2255, and held that it **must** be construed **strictly**. Dorsainvil, 119 F.3d at 251 (emphasis added)(collecting cases). The Court made it clear that § 2255 would not be found to "be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." 119 F.3d at 251.

Other Courts of Appeals are in agreement. See Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000)("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions."); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make § 2255 "inadequate or ineffective;" to permit such

a result "would make Congress' AEDPA amendment of § 2255 a meaningless gesture"); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(the argument that the "inadequate or ineffective" language of § 2255 permits a prisoner to turn to § 2241 when prevented from obtaining relief under § 2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(if a prisoner could bring a § 2241 action simply when unable to bring a § 2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review"); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc)(§ 2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a § 2255 motion....") citations omitted); Bradshaw, 86 F.3d at 166 (§ 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255"). See also Lequillou, 212 F.2d at 684; United States v. Walker, 980 F. Supp. 144 (E.D. Pa. 1997).

Thus, the availability of § 2241 to challenge a federal conviction is extremely limited and "is now reserved for rare cases." Dorsainvil, 119 F.3d at 250. Indeed, the only time a § 2241 petition was permitted to be used within this Circuit to challenge a federal conviction was in Dorsainvil.

8

There, the defendant wished to challenge his conviction under 18 U.S.C. § 924(c), after the Supreme Court in <u>Bailey</u>[5] limited the circumstances under which a person could be convicted of that offense. The Third Circuit held that the petitioner could not raise his <u>Bailey</u> issue in a successive § 2255 petition given the statutory limitations on successive § 2255 petitions. However, that left Dorsainvil in a *unique* position where he may well have been convicted **for conduct that was not criminal** with him having no § 2255 remedy. 119 F.3d at 251 (relying on <u>Davis</u>, 417 U.S. 333, in which the Court held that habeas relief is available to a person where **a subsequent statutory interpretation revealed his <u>conduct not to be criminal</u>** in order to avoid a complete miscarriage of justice). Thus, the safety-clause valve of § 2255 typically is limited to circumstances where the underlying conduct is not criminal but does not apply in cases where a prisoner cannot meet the gatekeeping requirements of § 2255.[6]

---

[5] <u>Bailey v. United States</u>, 516 U.S. 137 (1995).

[6] In <u>United States v. Brooks</u>, 230 F.3d 643 (3rd Cir. 2000), the Third Circuit confirmed that § 2241 may not be used to escape the procedural limitations imposed by the AEDPA. The Court of Appeals recognized that in <u>Dorsainvil</u>, by the time it was decided that the *defendant's conduct was **not** criminal at all*, Dorsainvil had no recourse to § 2255 to redress the situation. In contrast, where a defendant could have availed himself of § 2255 to address his grievance but was now barred due to AEDPA's procedural rules, recourse to § 2241 was impermissible. Accordingly, the Circuit held that the petitioner could not challenge his conviction in the Court of Appeals under § 2241 simply because AEDPA barred an

9

### D. Byrd Cannot Bring a § 2241 Habeas Petition to Raise His Apprendi Argument.

Byrd does not state the reason for challenging his Delaware conviction in a § 2241 habeas petition with this Court. Respondents can only assume it is because Byrd failed to meet the one-year statute of limitations enacted by Congress through AEDPA. However, based on the above-cited case law, see text infra at 7-9, § 2255 is not deemed to be inadequate or ineffective merely because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Moreover, we note that the Supreme Court has not held that Apprendi should be applied retroactively to cases on collateral review. In Tyler v. Cain, ___ S.Ct. ___, 2001 WL 720703 (June 28, 2001)(attached), the Supreme Court addressed a provision barring successive § 2244 motions, 28 U.S.C. § 2244(b)(2)(A), which provision is identical to the provision barring successive § 2255 motions as it relates to new Supreme Court decisions made retroactive to cases on collateral review. The Supreme Court concluded that a successive § 2244 motion is barred unless it **itself** holds that a decision it made applies retroactively to cases on collateral review.

Thus, no court, other than the Supreme Court, can make a case retroactive that would authorize a successive § 2244 motion.

---

appeal of the district court's decision as to his § 2255 petition. Brooks, 230 F.3d 643.

In that the provisions of § 2244 are the same as those in § 2255, only the Supreme Court can make one of its decisions retroactive to cases on collateral review so as to authorize a successive § 2255 motion.

As just noted, the Supreme Court has not made <u>Apprendi</u> retroactive to cases on collateral review. As such, Byrd is prohibited from filing a successive § 2255 motion at this time. Obviously, if the Supreme Court later holds that <u>Apprendi</u> should be applied retroactively, Byrd then will be able to seek leave to file a successive § 2255 motion. Thus, Byrd cannot evade the gatekeeping requirements enacted by AEDPA by invoking § 2241 without "effectively eviscerat[ing] Congress's intent in amending § 2255." <u>Dorsainvil</u>, 119 F.3d at 251.

E. **<u>Apprendi Does Not Apply to Byrd.</u>**

In <u>Apprendi</u>, 120 S. Ct. 2348, the Supreme Court held that any fact that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. <u>Id</u>. at 2362-63. The Supreme Court did <u>not</u> hold that the quantity of drugs is an element of a crime under 21 U.S.C. § 841(a). Rather, <u>Apprendi</u> is limited to a sentencing factor that increases a sentence beyond the maximum set forth in the underlying criminal statute.

11

Indeed, the Third Circuit recently held that there is no *Apprendi* issue where a defendant's sentence on any count as calculated under the guidelines is equal to or less than the lowest maximum sentence authorized by the relevant statute. Thus, the circuit held that *Apprendi* applies only to the determination of facts which *increase a statutory maximum sentence*; it has no application to the ordinary calculation of the sentencing guidelines. United States v. Williams, 235 F.3d 858, 862-64 (3rd Cir. 2000); see also United States v. Cepero, 224 F.3d 256, 267 n.5 (3rd Cir. 2000)(en banc)("Because application of the Sentencing Guidelines in this case does not implicate a fact that would increase the penalty of a crime beyond the statutory maximum, the teachings of Apprendi v. New Jersey, ___ U.S. ___, [120 S.Ct. 2348 (2000)], are not relevant here.").

Thus, so long as the sentence calculated under the guidelines is accommodated by the lowest statutory maximum, and no factual finding is required to enhance the statutory maximum, there is no *Apprendi* issue.

Here, the drug statute, 21 U.S.C. §841, applies a maximum sentence of twenty years in any case involving cocaine, cocaine base, heroin, methamphetamine, or any other schedule I or II controlled substance. See 21 U.S.C. § 841(b)(1)(C). That maximum may be increased based on certain quantities of such

12

drugs. If a defendant receives a sentence of twenty years or less on such a § 841 count, there is no issue under <u>Apprendi</u> as there is no need for any factual finding regarding an enhanced statutory maximum in order to permit the guidelines sentence. See <u>Williams</u>, 235 F.3d at 862-64.[7]

Here, Byrd received a sentence of 135 months for his conspiracy to distribute and possess cocaine and heroine conviction. This sentence is well below the statutory maximum of 240 months. Under <u>Williams</u> and <u>Cepero</u>, therefore, Byrd has no <u>Apprendi</u> claims and Byrd's § 2241 habeas petition should be denied.

---

[7] In <u>Williams</u>, the Third Circuit held that because Williams' final sentence, 85 months, was within the lower statutory maximum to which the defendant had agreed (20 years), the district court was entitled to make the quantity determination as required by the guidelines and to do so by a preponderance standard. The Court held it was irrelevant that the drug calculation increased the statutory maximum in cases where the final sentence did not exceed the lower maximum. "[T]hough the District Court's finding regarding the amount of drugs substantially increased the possible statutory maximum sentence under 21 U.S.C. § 841(b)(1), we hold that <u>Apprendi</u> is not applicable to Williams' sentence, because the sentence actually imposed (seven years and one month) was well under the original statutory maximum of 20 years." <u>Williams</u>, 235 F.3d at 863. See also <u>United States v. Mack</u>, 229 F.3d 226, 235 n.12 (3rd Cir. 2000)(<u>Apprendi</u> does not apply to sentencing enhancements under the guidelines where the statute authorized a maximum term of life imprisonment, which could accommodate any guideline sentence).

13

## Conclusion

For the above-stated reasons, Byrd's petition for a writ of habeas corpus should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
MICHELE LINCALIS
Paralegal Specialist
216 Federal Building
240 West Third Street
Williamsport, PA 17103

Date: July 18, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY BYRD,
       Petitioner      :  No. 1:CV-01-0956

v.                              :  (Judge Rambo)

JONATHAN C. MINER, Warden,
et al.,
       Respondents

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 18th day of July, 2001, she served a copy of the attached

**RESPONDENT'S RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Anthony Byrd
Reg. No.
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752

MICHELE E. LINCALIS
Paralegal Specialist