ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Anothony Byrd                        ! Case No: 1: CV-01-0956
Petitioner                           !
                                     !
vs.                                  ! Judge Sylvia H. Rambo
                                     !
United States Of America             !
Ex. Rel., Respondents                !

FILED
AUG 0 2 2001

PETITIONER'S REPLY TO RESPONDENT'S RESPONSE
IN OPPOSITION TO PETITION FOR WRIT OF HABEAUS CORPUS

## PRELIMINARY STATEMENT

Petitioner Anthony Byrd, respectfully submits this Memorandum of Law in reply to certain issues raised by the Government in its Response in Opposition to petition for Writ of Habeaus Corpus. As to matters not discussed herein, petitioner relies on his opening brief, incorporated by reference as if set forth at length hereat and vice versa.

## STATEMENT OF THE CASE

Petitioner, on August 8, 1996, pursuant to a written plea agreement entered a plea of guilty in the United States District Court for the District of Delaware to possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. 841(a)(1). The indictment was silent as to quantity of controlled substances. Petitioner was sentenced on May 13, 1998, to 135 months imprisonment to be followed by sixty months of supervised release. Petitioners filed a direct appeal with the Third Circuit Court Of Appeals, which affirmed the conviction and sentence on December 22, 1998. Thereafter, on or about December 21, 1999, Petitioner filed a motion pursuant to 28 U.S.C. 2255 seeking to vacate, set aside, or correct his sentence. On August 22, 2000, in a memorandum opinion, the United States District Court for the DIstrict of Delaware denied petitioner's motion, Anthony Byrd v. United States, Civil Action No. 99-926-SLR; Criminal Action No. 96-5-SLR. On or about May 29, 2001, petitioner filed a habeus petition under 28 U.S.C. 2241 challenging that portion of his sentence made illegal under Apprendi v. New Jersey, 530 U.S. 466(2000); that portion which is now being illegally served.

## QUESTION PRESENTED

Whether Petitioners is foreclosed from challenging
his illegal sentence by a  2241 habeas petition?

ARGUMENT

Petitioner is not foreclsoed from challenging
his illegal sentence by a 2241 habeus petition.

A. Section 2255 is not the exclusive means to challenge an illegal sentence.

A federal prison convicted in federal court seeking post-conviction relief challenging the validity of his conviction and sentence are required to bring a motion pursuant to 28 U.S.C. 2255. Nevertheless, to be sure, prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), district courts would have been required to reach the merits of petitioner's Apprendi claim (Footnote 1) as it was the law of this circuit that a change in substantive, non-constitutional law could be applied retroactively to a defendant who was convicted under the previous law and then brought a 2255 petition allegin his actual innocence in view of the intervening change in law (Footnote 2). See Ianniello v. United States, 10F.3d 59, 62-63 (2nd Cir. 1993) (citing Davis v. United States, 417 U.S. 333 (1974)(holding that 2255 is available even on non-constitutional grounds if a new decision established that a prisoner was convicted "for an act that the law does not make criminal".))

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Footnotes:

1. The fact that petitioner was convicted on a guilty plea, rather than after a trial, does not prevent him from challenging his conviction in light of Apprendi. See United States v. Cruz-Rojas, 101 F.3d 283 (2nd Cir. 1996) (vacating in light of Bailey, 924(c) convictions resulting from guilty pleas); Stanback v. United States, 113 F.3d 651 (7th Cir. 1997)(citing cases from the First, Second, Fourth, Seventh and Tenth CIrcuits relying on Bailey to vacate convictions entered on guilty pleas. Nor does it serve as a bar to collateral review. While a guilty plea can not ordinarily be collaterally attacked, since it is considered an admission of all of the elements of the crime, it may be challenged on collateral review if it was not knowing and voluntary. See United States v. Broce, 488 U.S. 563, 109 S. Ct. 757 (1989). Since a plea can not be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." McCarthy v. United States, 394 U.S. 459, 89 S. Ct. 1166 (1969), it may be challenged on collateral review in circumstances, as exist here.

2. In Patterson v. Alabama, 294 U.S. 600, 55 S. Ct. 575 (1935), the Supreme Court held that in the interest of justice, "we are bound to consider any change, either in fact or in law, which has supervened since the [trial courts] judgment was entered." See also Alexander v. United States, 418 F.2d 1203, 1206 (D.C. Cir. 1969); cf. Singleton v. Wulf, 428 U.S. 106, 96 S. Ct. 2868 (1976). Under the supervening decision doctrine, this court may consider issues not rasied at trial or during plea where supervening decision has changed the law in petitioner's favor and the law was so well settled at the time petitioner entered his plea that any attempt to challenge it would have appeared pointless. See United States v. Byers, 740 F.2d 1104 (O.C. Cir 1984)(en banc)(Robinson, J., concurring); id, at 1109, 1115-16 nn. 6 & 11 (Scalia, J. writing for plurality). The supervening decision doctrine reflects the principle that it would be unfair, and even contrary to the efficient administration of justice, to expect a defendant to object at sentencing where existing law appears so clear as to foreclose any possibility of success. Unless this court reaches out on its own to consider the effect of a supervening decision in such a situation, the defendant through no fault of his own, would not receive the benefit of the change in law. See Pendergrast v. United States, 416 F.2d 776 (O.C. Cir.) cert. denied, 395 U.S. 926 (1969)

Here, the fact that petitioner has already brought an unsuccessful 2255 petition would not have foreclsoed a subsequent 2255 petition based on the intervening change in law, while conceding that 2255 provides that "[T]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same priosoner", various circuits have held that a court should entertain such a second or successive petition where the "ends of justice would ... be served by reaching the merits of the subsequent application". See Barton v. United States, 791 F.2d 265 (2nd Cir. 1986) (per curiam)(citing Sanders v. United States, 373 U.S. 1 (1963). See also Bell v. United States, 917F. SUpp. 681 (E.D.Mo. 1996)(pre AEDPA case allowing the defendant to use a successive 2255 petition to vacate his guilty plea to a 924(c) violation, despite his failure to have raised the issue on direct appeal, since the defendant could show both cause - Bailey had not been decided at the time that he filed his earlier 2255 petition (as here) - and prejudices Bailey estalbished that the defendant was actually innocent).

Moreover, section 2255 expressly provides that a federal prisoner may seek relief if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his conviction". 28 U.S.C. 2255, accord United States v. Hayman, 342 U.S. 205 (1952)("in a case where the section 2255 procedure is shown to be "inadaquate or ineffective", the section provides that the habeus corpus remedy shall remain open to afford the necessary hearing.") Here, petitioner asserts that even if he failed to adhere to the requisite statutory criteria; the denial of this court to review his petition under 2241 would deny him a judicial remedy and as such, raise constitutional concerns.

In United States v. Nunez, 96 F.3d 992 (7th Cir.   ), the seventh circuit refused to certify that the defendant's successive 2255 petition could proceed in the district court, noting that "Bailey is not a new rule of constitutional law (emphasis added); it is simply an interpretation of 18 U.S.C. 924(c)(1)". See also United States v. Blackshire, 98 F.3d 1294 (11th Cir.   ).  The eleventh circuit rejected the petitioner's assertion that Bailey expressed a new rule of constitutional law.  Bailey did not express a new rule of constitutional law; rather it merely interpreted a substantive criminal statute using rules of statutory construction". See also In re Dorsamvil, 119F.3d 245 (3rd Cir. 1997) ("[W]e believe it is plain that Bailey is not a new rule of constitutional law"). See also United States v. McPhail, 112F.3d 197, 199 (5th Cir. 1997)("[Bailey] is a substantive non-constitutional decision concerning the reach of a federal statute."); Hohn v. United States, 99F.3d 892 (8th Cir. 1996)(per curiam)(holding that "the petitioner is not mkaing a constitutional claim" because Bailey did no more than interpret a statute"). Accordingly, if the AEDPA has so changed 2255 as to render that vehicle inaccessible in this case, the traditional 2241 remedy is available.

Here, the fact that Apprendi announced a new rule of criminal procedure does not appear to be disputed by those courts which have addressed the decision.  See United States v. Angle, 230 F.3d 113, 123 (4th Cir. 2000); Sustache-Rivera v. United States, 221 F.3d 8 (1st Cir. 2000); In re Joshua, 224 F.3d 1281 (11th Cir. 2000). Moreover, the intent of Congress, in the application of 21 U.S.C. 841(a)(1) and (b)(1), et.seq., convictions was to use those statutes individually and collectively to establish both the crime and penalty for which a person is exposed when indicted. By the government's omission of 841(b)(1), et. seq., statutory language, or drug quantity in the indictment (as here), or a subpart of (b)(1) to implicate the sentence to be imposed, the government has failed to apply the statute consistent with its intent as legislated by Congress. Section 841(a) does not establish a penalty or a quantity of drugs. Citing 841(a) in an indictment is insufficient on its face to establish adequate notice or a complete indictment tracking statutory language and penalties. Sections 841(b)(2) is a separate statutory provision and subsection establishing quantity of drugs and penalties.

Section 841(c) and (d) also have penalty differences, and therefore these sections are also statutory provisions intended by Congress to be a part of the crime committed and evidenced in the language of the indictment. There is no ambiguity in the legislative intent of 841(b), (c) or (d) as to the requirement of a certain quantity of drugs to implicate a particular penalty. By the government's omission of these aspects of the statute, the government has failed to comply with the law. As such, in every case that has not provided the proper statutory language in the indictment, and has not given the quantity of drugs necessary to comply with Apprendi, the defendant's are exposed to greater sentences than the legislature intended. Since Apprendi is not a legislative issue but a court's interpretation, retroactivity should apply as Congress intended it to benefit all offenders. To be sure, a statute that would impair rights a party possessed when he acted, increase a party's liability of past conduct, or impose new duties with respect to transactions already completed has true retroactive effect.

Section 2255 as originally enacted, and as amended by the AEDPA, contains an explicit exception to the general rule that a federal prisoner must use 2255 instead of seeking a writ of habeus corpus.

> An application for a writ of habeus corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. 2255 (emphasis added).

In Davis v. United States the Supreme Court held that collateral relief was expressly held to be available when an intervening decision established that a prisoner was in custody "for an act that the law does not make criminal." Davis, 417 U.S. at 346-47. The opinion suggests that both habeus and 2255 had always been available in situations, as exist in this instance. Id at 341-47. As such, those cases cited by the government do not establish that the "inadequate or ineffective" clause of that statute cannot apply here.

Here, if 2255 foecloses all judicial review and the record discloses that petitioner is innocent of the crime of which he stands convicted and under circumstances under which his claim could not have been presented earlier; the AEDPA would violate the suspension clause and the due process clause of the Fifth Amendment, as 2255, as amended by the AEDPA has effectively denied petitioner the right to collaterally review his case. See Dorsainvil, 119F.3d at 248 "were no other avenue of judicial review available for a party who claims that he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue." See also Herrera v. Collins, 506 U.S. 390, 113 S. Ct. 853 (1993).

Accordingly, petitioner has filed a direct appeal and a prior 2255 motion, and since petitioner cannot bring his claim under 2255, and since any attempt by Congress to preclude all collateral review in a situation, as exists here, would raise serious constitutional concerns as to the validity of the AEDPA's amendments to 2255, as such, 2255 is "inadequate of ineffective" to test the legality of petitioner's detention.

B. Apprendi Does Apply To Petitioner

In Apprendi, 120 S. Ct. (2000)(Thomas, J., concurring), reasoned that "when the law prescribes punishment for different phases of the same crime, there is good reason for requiring the indictment to specify for which of the phases the prisoner is charged with. The record ought to show that the defendant is convicted of the offense for which he is sentenced." Under 21 U.S.C. 841(b), the indictment must clearly specify which penalty provision attaches to the prohibited act. See United States v. Evans, 337 U.S. 483 (1948) (that determining the correct maximum punishment for particular acts within a single statute was a "task outside the bounds of judicial interpretation.") Id at 495. As such under Apprendi, the government must plead the appropriate quantity threshold in every drug indictment if it wishes to take advantage of an enhanced maximum penalty. Here, the indictment is silent as to any drug amount, yet, the court is urged to consider that petitioner's sentence was less than the 20-year statutory maximum sentence provided for under 21 U.S.C. 841(b)(1)(c). As Circuit Judge Douglas Ginsburg once observed: "[I]n many federal criminal casestoday, th[e] statutory maximum is irrelevant. The reality is that the sentencing court is confined to the range of penalties prescribed in the Guidelines except in rare instances in which an upward departure is permitted." United States v. Horne, 987 F.2d 833, 838 (D.C. Cir. 1993).

Moreover, in defining penalties applicable to crimes involving schedule I or II substances, section 841(b)(1)(c) merely states that in the case of controlled substances in schedule I or II, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced [as specified] 21 U.S.C. 841 (b)(1)(c). Simply put, the applicable penalty provision for schedule I or II controlled substances, that are not explicitly provided for in subsection (A), (B) or (D), of 841 (b)(1) in subsection (c). This subsection provided a range of 0-20 years, with a maximum term of 20 years for defendants with one or more such convictions and 30 years for defendants with no prior felony convictions.

The Controlled Substances Act ("CSA") was amended on October 27, 1986 by the Anti Drug Abuse Act ("ADAA"). Title I, Subtitle A of the "ADAA", the Narcotics and Penalties Enforcement Act ("NPEA") revamped the Controlled Substances Act, Section 401. Section 1002 of the "NPEA" redesignated "CSA" subsection 401(b)(1)(c) as subsection 401 (b)(1)(d), struck "CSA" subsection 401 (b)(1)(A), (B) and (C). "NPEA" 1002(1)(2). New subsection 401(b)(1)(A) prescribed punishment for certain crimes involving 1000 kilograms or more of marijuana, "NPEA" 1002(2). New subsection 401(b)(1)(c) prescribes punishment for certain crimes involving 50 kilograms or more of marijuana. Id. New subsection 401 (b)(1)(D) prescribes punishment for certain crimes involving less than 50 kilograms of marijuana (unless the cases also involved more than 100 marijuana plants).

Here, resort to 841(b)(1)(c) is improper, as this statutory provision is an enumerated offense under the subchapter, as 841 (b)(1)(A) and (B), and as such drug quantity is an essetial element of the statutory provision and must be charged in the indictment.

Accordingly, petitioner's conviction and sentence violates Apprendi and Jones, and as such petitioner must be re-sentenced to the lowest level under the Untied States Sentencing Guidelines for the drug[s] specified in the indictment.

Respectfully Submitted,

*Anthony Byrd* 7·30·01
Anthony Byrd