See Attachment

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY BYRD,                          :
                                       :
            Petitioner                 :        CIVIL ACTION NO. 1:CV-01-0956
                                       :
      v.                               :
                                       :
JONATHAN C. MINER, et al.,             :        (Judge Rambo)        FILED
                                       :                          HARRISBURG, PA
            Respondents                :                          AUG 1 6 2001

                                                MARY E. D'ANDREA, CLERK
                                                PER _____
                                                         DEPUTY CLERK

## MEMORANDUM

Anthony Byrd, a federal prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on May 29, 2001.  Byrd is currently confined at the Allenwood Federal Prison Camp in Montgomery, Pennsylvania.  Along with his petition, Byrd paid the required filing fee. Named as respondents in the habeas petition are Jonathan Miner, warden of the Allenwood Federal Prison Camp, and the United States of America.

In the habeas petition (Doc. 1, Petition), Byrd challenges his 1996 federal conviction and sentence in the United States District Court for the District of Delaware for possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1).  (Id. at 2.)  Byrd was

Certified from the record
Date 8/16/01
Mary E. D'Andrea, Clerk
_____ Clerk

sentenced on May 13, 1998, to 135 months imprisonment to be followed by a 60 month term of supervised release. (Id.)  Byrd filed a direct appeal with the Third Circuit Court of Appeals, which affirmed the conviction and sentence on December 22, 1998.  U.S. v. Byrd, 173 F.3d 422 (Table) (3d Cir. 1998).  On or about December 21, 1999, petitioner filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence with the United States District Court for the District of Delaware.  (Doc. 8, Traverse.)  The District Court denied the motion on August 22, 2000.  Byrd v. U.S., Civil Action No. 99-926-SLR (D. Del. 2001).

Petitioner relies upon Apprendi v. New Jersey, 530 U.S. 466 (2000), to challenge his conviction.  Respondent contends that Byrd cannot challenge his federal criminal conviction by a §2241 habeas petition.  (Doc. 7, Response.)  Respondent further argues that because the Supreme Court has not made Apprendi retroactive to cases on collateral review, petitioner is prohibited from filing a successive § 2255 motion at this time.  (Id. at 11.) Respondent also asserts that Apprendi does not apply to Byrd because his sentence is well below the statutory maximum.  (Id. at 13.)  Because Byrd is not properly before this court, his petition will be dismissed without prejudice

2

as to any right he may have to move in the Third Circuit for an order authorizing the United States District Court for the District of Delaware to consider his application for a successive petition.

## DISCUSSION

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Byrd is clearly maintaining that both his federal conviction and sentence violated his constitutional rights.

Section 2255 provides, in relevant part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a

3

Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)).  It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966).  Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added).

The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972).  Moreover, the legislative limitations placed on § 2255

proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. In Re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

That Apprendi had not been decided when Byrd was convicted and sentenced is irrelevant because that did not prevent Byrd from raising an Apprendi-like claim on direct appeal or in a §2255 motion. See United States v. Sanders, 247 F.3d 139, 144-46 (4th Cir. 2001) (failure to raise Apprendi-like claim on direct review from criminal conviction constituted procedural default for which the defendant could not establish "cause" to justify raising it via habeas review); United States v. Smith, 241 F.3d 546 (7th Cir. 2001) (rejecting petitioner's futility argument that the federal circuits would have rejected his Apprendi-like arguments had he raised it on direct appeal); see also Bousley

5

v. United States, 523 U.S. 614, 622-23 (1998) (failure to raise Bailey claim on

direct review could not be excused as futile simply because the "claim was

unacceptable to that particular court at that particular time").  Petitioner fails to

provide an explanation as to why he did not petition the Third Circuit for an

order authorizing a successive §2255 motion nor does he meet the narrow

exception contemplated by Dorsainvil which would authorize consideration of

his § 2241 petition.  Accordingly, Byrd is not properly before this Court and his

petition will be dismissed.

        Although it is unnecessary for this Court to make a determination

as to whether Apprendi should be applied retroactively in Byrd's case, since

he is not properly before this Court, this Court would have found that

Apprendi does not apply retroactively and dismissed the petition on that

ground as well.  See Tyler v. Cain, ___ S.Ct. ___, 2001 WL 720703 (June

28, 2001)[1]; see also Sanders, 247 F.3d 139; Levan v. United States, 128

---

1.    In Tyler the Supreme Court addressed a provision barring successive § 2244
motions, 28 U.S.C. § 2244(b)(2)(A), which provision is identical to the provision barring
successive § 2255 motions as it relates to new Supreme Court decisions made retroactive
to cases on collateral review.  The Supreme Court concluded that a successive § 2244
motion is barred unless it **itself** holds that a decision it made applies retroactively to cases
on collateral review.  The Supreme Court has not made Apprendi retroactive to cases on
collateral review.

F.Supp.2d 270, 275-76 (E.D.Pa. 2001); <u>United States v. Gibbs</u>, 125

F.Supp.2d 700, 703 (E.D.Pa. 2000).

Lastly, federal law provides for a 20-year maximum sentence for

cocaine offenses where no drug quantity is specified. <u>See</u> 21 U.S.C.

§841(b)(1)(C); <u>United States v. Houle</u>, ___ F.3d ___, 2001 WL 43686 (1st

Cir. January 23, 2001 (Mass.)). Petitioner's sentence of 135 months was

well within the statutory maximum of 240 months provided for cocaine

offense proved without reference to a particular drug amount, i.e., Byrd's

sentence was not enhanced beyond the statutory maximum. The Third

Circuit recently held that there is no <u>Apprendi</u> issue where a defendant's

sentence on any count as calculated under the guidelines is equal to or less

than the lowest maximum sentence authorized by the relevant statute.

<u>United States v. Williams</u>, 235 F.3d 858, 862-64 (3d Cir. 2000); <u>see also</u>

<u>United States v. Cepero</u>, 224 F.3d 256, 267 n.5 (3d Cir. 2000) (en banc)

("Because application of the Sentencing Guidelines in this case does not

implicate a fact that would increase the penalty of a crime beyond the

statutory maximum, the teachings of <u>Apprendi v. New Jersey</u>, ___ U.S.

___, [120 S.Ct. 2348 (2000)], are not relevant here."). Therefore, even if

petitioner was properly before this Court, <u>Apprendi</u> would not be applicable in his case.  Accordingly, the habeas petition will be dismissed.

SYLVIA H. RAMBO
United States District Judge

Dated: August   16  , 2001.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY BYRD,                          :

       Petitioner                :     CIVIL NO. 1:CV-01-0956
                       :
     v.                                :
                       :
JONATHAN C. MINER, et al.,             :     (Judge Rambo)

       Respondents               :

FILED
HARRISBURG, PA

AUG 1 6 2001

MARY E. D'ANDREA, CLERK
PER _____
             DEPUTY CLERK

## ORDER

In accordance with the foregoing memorandum of law, **IT IS HEREBY**

**ORDERED THAT:**

1. The petition for a writ of habeas corpus is **DISMISSED**, without

prejudice to any right Byrd may have to move the Third Circuit Court of

Appeals for an order authorizing the United States District Court for the

District of Delaware to consider the successive § 2255 motion pursuant to

28 U.S.C. § 2244(b)(3)(A).[2]

2. The Clerk of Court is directed to close this case.

_____

2.   Although this Court would have found <u>Apprendi</u> to not be retroactive if Byrd was
properly before this Court, the Third Circuit has yet to rule on that issue therefore petitioner
may not be prohibited from seeking to file a successive §2255 motion.

3.  There is no basis for the issuance of a certificate of appealability.


SYLVIA H. RAMBO
United States District Judge

Dated: August  16  , 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 16, 2001

Re: 1:01-cv-00956    Byrd v. Miner

True and correct copies of the attached were mailed by the clerk
to the following:

        Anthony Byrd
        FPC-ALLEN
        Federal Prison Camp at Allenwood
        03760-015
        P.O. Box 1000
        Montgomery, PA  17752

        Matthew Edward Haggerty, Esq.
        Office of the U.S. Attorney
        316 Federal Building
        240 West Third Street
        Williamsport, PA  17703

        Martin Carlson
        United States Attorney
        228 Walnut Street
        Second Floor
        Harrisburg, PA  17108

cc:
Judge                       ( )              ( ) Pro Se Law Clerk
Magistrate Judge            ( )              ( ) INS
U.S. Marshal                ( )              ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               ( )
Federal Public Defender     ( )
Summons Issued              ( )  with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5         ( )
Order to Show Cause         ( )  with Petition attached & mailed certified mail

to:   US Atty Gen   (  )   PA Atty Gen  (  )
      DA of County  (  )   Respondents  (  )

Bankruptcy Court          (  )
Other_____     (  )

MARY E. D'ANDREA, Clerk

DATE: _____ 8/16/01 _____          BY: _____
                                              Deputy Clerk